UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 13-737-JLS (ANx)             Date:  February 10, 2014
Title:  Geneva Lawton v. Cavalry Investments LLC, et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

  Not Present                                       Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS (Doc. 35)**

     Before the Court is a Motion to Dismiss ("Motion") filed by Defendants Cavalry Investments LLC ("Cavalry") and Winn Law Group, APC ("Winn").  (Mot., Doc. 35.)  Plaintiff Geneva Lawton filed an Opposition, and Defendants replied.  (Opp'n, Doc. 38; Reply, Doc. 39.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing scheduled for February 14, 2014, 2:30 p.m. is VACATED.  For the reasons stated below, the Court GRANTS Defendants' Motion.

**I.    Background**

     On October 29, 2012, Plaintiff Geneva Lawton received a collection notice ("Notice") from Defendant Winn.  (Second Amended Complaint ("SAC") at 7, Ex. A, Doc. 34.)[1]  A copy of the Notice is attached to the SAC.  (*Id.*)  The first paragraph of the Notice states as follows: "this law firm is a debt collector, as defined by 15 U.S.C. §1692(a) (6), and this is an attempt to collect a debt."  (SAC, Ex. A.)  The Notice indicates that the creditor is Defendant Cavalry.  (*Id.*)

     Plaintiff filed a Complaint against Defendants on May 8, 2013, alleging causes of action for (1) violation of the Fair Debt Collection Practices Act ("FDCPA") and (2)

---

[1] When ruling on a motion to dismiss, the Court accepts as true the factual allegations in the complaint.  *Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 5 (2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-737-JLS (ANx)                                                              Date:  February 10, 2014

Title:  Geneva Lawton v. Cavalry Investments LLC, et al.

violation of the Rosenthal Act.  (Compl., Doc. 1.)  On July 31, 2013, the Court granted Defendants' motion for judgment on the pleadings.  (MJP Order, Doc. 16.)  The Court's Order dismissed Plaintiff's claim for violation of the FDCPA with prejudice insofar as the claim was based on Plaintiff's allegation that Defendants were not licensed collection agencies and without prejudice insofar as the claim was based on allegations of other unlawful debt collection activities.  (*Id*. at 4.)  The Court dismissed Plaintiff's claim for violation of the Rosenthal Act with prejudice as to Winn and without prejudice as to Cavalry.  (*Id*.)

On October 3, 2013, Plaintiff filed a First Amended Complaint ("FAC") asserting violations of the FDCPA.  (FAC, Doc. 21.)  On December 2, 2013, the Court granted Defendants' motion to dismiss.  (MTD Order, Doc. 26.)  The Court's Order dismissed Plaintiff's FDCPA claim because she had not pled a violation, and because her "FAC again fail[ed] to properly allege that Defendants were 'debt collectors' within the meaning of the FDCPA." (*Id.* at 3-4.)  The Order also cautioned Plaintiff that "future failure to state a claim will result in her claim being dismissed with prejudice." (*Id.* at 4.)

On December 26, 2013, Plaintiff filed the SAC asserting violations of the FDCPA. (SAC at 8-9.)

## II.     Legal Standard

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all allegations of material facts that are in the complaint and must construe all inferences in the light most favorable to the non-moving party.  *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994).  Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  "Although for the purposes of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 13-737-JLS (ANx) | Date:  February 10, 2014 |
| Title:  Geneva Lawton v. Cavalry Investments LLC, et al. | |

motion to dismiss [the Court] must take all of the factual allegations in the complaint as true, [it] '[is] not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

In considering a motion to dismiss, the Court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable, and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading."  *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds in Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

### III.    Discussion

Defendants move to dismiss the SAC on the basis that (1) Plaintiff has not alleged that Defendants are debt collectors, and (2) Plaintiff has not alleged that Defendants are attempting to collect a debt.  (Mot. at 5-9.)

#### A. Debt Collector

The FDCPA applies only to "debt collector[s]," which the statute defines as: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts"; or (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  As the Ninth Circuit has explained: "Because [the FDCPA's] prohibitions apply only to 'debt collector[s]' as defined by the FDCPA, the complaint must plead factual content that allows the court to draw the reasonable inference that [the defendant] is debt collector."  *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013) (second alteration in original) (quotation marks and citation omitted) (affirming dismissal of complaint for failure to sufficiently plead that mortgagee was a debt collector).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-737-JLS (ANx)                                    Date:  February 10, 2014
Title:  Geneva Lawton v. Cavalry Investments LLC, et al.

The SAC, unlike prior complaints, includes a copy of the Notice sent by Winn to Plaintiff.  (SAC, Ex. A.)  In the Notice, Winn asserts that it "is a debt collector, *as defined by* 15 U.S.C. §1692(a) (6)."  (SAC, Ex. A (emphasis added).)  At the pleading stage, this is sufficient to plausibly suggest that Winn is a "debt collector" under the FDCPA.  Defendants' Motion, which fails to mention Winn's statement in the Notice, contains no argument to the contrary.

The Notice, however, does not state that Cavalry is a "debt collector," but only that Cavalry is a "[c]reditor."  (SAC, Ex. A.)  The allegations of the SAC, moreover, do not plausibly suggest that Cavalry is a business whose principal purpose is the collection of debts, or that Cavalry regularly collects or attempts to collect debts owed to another.  (*See* SAC at 7.)  The Court therefore concludes that Plaintiff has again failed to allege that Cavalry is a "debt collector" within the meaning of the FDCPA.  In its Order dismissing Plaintiff's FAC, the Court cautioned Plaintiff that a future failure to state a claim would result in dismissal with prejudice.  (MTD Order at 4.)  Accordingly, Plaintiff's FDCPA claim against Cavalry is dismissed with prejudice.

### B.  Debt

A plaintiff asserting an FDCPA claim must allege that the defendant is attempting to collect a "debt" within the meaning of the FDCPA.  *See Harvey G. Ottovich Revocable Living Trust Dated May 12, 2006 v. Washington Mut., Inc*., No. C 10-02842 WHA, 2010 WL 3769459, *4 (N.D. Cal. Sept. 22, 2010) ("[A] complaint must allege how the 'debt' at issue was an 'obligation of . . . a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transactions are primarily for personal, family or household purposes' as required under [the FDCPA]." (quoting 15 U.S.C. § 1692a(5))); *Yang Pao Vang v. Equable Ascent Fin*., LLC, No. 1:11-CV-1126 AWI SKO, 2011 WL 3841017, *2 (E.D. Cal. Aug. 30, 2011) (dismissing FDCPA claim where"[t]he Complaint d[id] not allege that a 'debt,' as defined by the FDCPA, [wa]s involved").  Under the FDCPA, a "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-737-JLS (ANx)                                                                 Date:  February 10, 2014

Title:  Geneva Lawton v. Cavalry Investments LLC, et al.

transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).  Plaintiff has failed to plead any facts plausibly suggesting that the debt at issue here arose from such a transaction.  Accordingly, Plaintiff's FDCPA claim against Winn must also be dismissed. *See Bonner v. Redwood Mortgage Corp.*, No. C 10-00479 WHA, 2010 WL 1267069, *10 (N.D. Cal. Mar. 29, 2010) (dismissing FDCPA claim where "the complaint failed to allege how the 'debt' at issue was an 'obligation of . . . a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transactions are primarily for personal, family or household purposes' as required" (quoting 15 U.S.C. 1692a(5)).  Because Plaintiff's FDCPA claim has not previously been dismissed on this basis, this dismissal is without prejudice.  However, Plaintiff is advised that future failure to state a claim will result in dismissal with prejudice.

## IV.    Conclusion

For the foregoing reasons, Defendants' Motion is GRANTED.  Plaintiff's FDCPA claim against Cavalry is dismissed with prejudice.  Plaintiff's FDCPA claim against Winn is dismissed without prejudice.  Any amended complaint must be filed within **21 days** of this Order.

                                                                                            Initials of Preparer:  tg